John L. Malesovas
State Bar No. 12857300
Malesovas Law Firm
816 Congress Avenue, Suite 1265
Austin, Texas 78701
Telephone: (512) 708-1777
Facsimile: (512) 708-1779
E-mail: john@malesovas.com

Anthony L. Vitullo
State Bar No. 20595500
Laura Richards Sherry
State Bar No. 24056203
FEE, SMITH, SHARP & VITULLO, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone: (972) 934-9100
Facsiile: (972) 934-9200
E-mail:  lvitullo@feesmith.com
         lsherry@feesmith.com

Larry E. Kelly
BEARD KULTGEN BROPHY BOSTWICK DICKSON & SQUIRES, LLP
5400 Bosque Boulevard, Suite 301
Waco, Texas 76710
Telephone: (254) 776-5500
Facsimile: (254) 776-3591
E-mail: Kelly@thetexasfirm.com

*Counsel for Movants*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **IN RE:** | |
| **MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN,** | **CASE NO. 10-13528** |
| **DEBTOR.** | **(CHAPTER 11 - PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA)** |
| **CLAUDE YOUNG, et al,**     *Plaintiffs*, | |
| **v.** | **ADVERSARY NO. 10-03156-bjh** |
| **THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, et al**     *Defendants.* | |

# MOTION TO CLARIFY SCOPE OF REMOVAL, ALTERNATIVELY, MOTION TO REMAND, MOTION TO ABSTAIN AND RESPONSE TO MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT
# FILED BY COTTAM AND WARDER

COME NOW John Cottam, Linda Cottam, their company, Lincom, LLC, and their former employee, Kevin Barba ("Cottam"); Ronald Scot Warder, Candace Warder, and E.S. and D. Services, Inc. ("Warder") (Cottam and Warder hereinafter jointly referred to as "Movants") and respectfully move this Court to clarify the scope of the removal in this action, or alternatively remand their claims, to the extent they have even been removed, to the 95th District Court of Dallas County, Texas, or alternatively abstain from considering their claims and remand the same and to also Deny Debtors' Motion to Transfer Venue of their claims to Oklahoma showing the following:

### A.  History of Litigation

1.    Movants are Plaintiffs in a suit that was originally filed against multiple Defendants in the 95th Judicial District Court of Dallas County, Texas on May 2, 2008 ("State Court Lawsuit").

2.    On June 9, 2010, Debtor filed a Petition for Relief under Chapter 11 of Title 11, United States Code.

3.    On June 9, 2010, Debtor also filed a Notice of Removal purporting to remove certain causes of action to this Court pursuant to 11 U.S.C. § 1452.

4.    On June 10, 2010, Debtor filed a Motion to transfer the removed causes of action to the Western District of Oklahoma.

### B. Movants' Claims in the Lawsuit

5. The Millennium Multiple Employer Welfare Benefit Plan ("Debtor") purports to me a multiple employer welfare benefit plan, although Judge Molberg granted Plaintiffs' Motion for Partial Summary Judgment in the Lawsuit and found that Debtor is not a valid multiple employer welfare benefit plan under ERISA as a matter of law. Exhibit 1. Judge Ginsburg, Judge of the 193rd District Court of Dallas County, Texas likewise ruled the same way in a case that was filed against Debtor and ultimately settled for a substantial sum during the third week of trial. Exhibit 2.

6. Although Debtor is a named Defendant in the Lawsuit, Movants assert no claims against the Debtor in the Lawsuit.

7. Debtor purports to be controlled by a Plan Committee, currently chaired by a non-voting, non-participant in the Debtor Plan named Jon Cocks. The Plan Committee is made up of three Plan Participants (even though the Master Plan which purports to be the formation document for Debtor requires a minimum of five voting members to constitute a valid Plan Committee), each of whom has one vote, although only two of these voting members actively participate. It was only these two active plan committee members that voted to give Cocks the purported authority to file the Petition for Relief under Chapter 11.

8. The only assets of the Plan are life insurance policies, with significant cash values, on the lives of the participants who all contributed 100% of the funds, through their small businesses, that were used to purchase these policies. The Plan purports to have a Trustee, Republic Bank & Trust, and a third party administrator, SecurePlan

Administrators, LLC (a wholly owned subsidiary of Republic organized for the sole purpose of acting as the TPA of the Debtor Plan).

9. Although Cocks, the Plan Committee members, the Trustee and the TPA are all also named as Defendants in the Lawsuit, Movants make no claim against them either.

### C. Motion to Clarify Scope of Removal

10. The bankruptcy removal statute upon which Debtor relies, 28 USC 1452, provides for limited removal of only "any claim or cause of action in a civil action". It does not provide for removal of the entire "civil action" as 28 USC 1441 provides. ("[A]ny civil action brought in a State court … may be removed …." 28 USC 1441.) In addition, only the claims or causes of action over which the federal court has jurisdiction under 28 USC 1334 may be removed. Further, the scope of the removal is generally determined by reference to the Removal Petition. *In Re Princess Louise Corp.*, 77 B.R. 766, 768 (C.D. Cal. 1987). Any ambiguity in the scope of removal should be construed in favor of a *narrow* removal given the limited nature of removal jurisdiction under 28 USC § 1452, and the fact that federal removal jurisdiction is to be narrowly applied. "Any ambiguities are construed against removal because the removal statute should be strictly construed …." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

11. In the Notice of Removal, Debtor references claims made against it by Plaintiffs in the state court lawsuit and characterizes these claims as "the Lawsuit". Debtor deliberately sets forth the identity of each person Debtor asserts to be making a claim against it in the Lawsuit. Debtor then states that it is removing "the Lawsuit". Debtor does not reference the *many and multiple claims* made by Plaintiffs against *many and*

*multiple other parties* to the so-called "Lawsuit." So it appears from the Notice of Removal that Debtor has only removed the claims and causes of action asserted against it – which are the only claims or causes of action that it is even permitted to remove. And, any ambiguity in the Notice of Removal must be construed to narrow the scope of removal, which in this case would limit the removal to claims asserted against Debtor.

12. Cottam and Warder have filed a stipulation in the Lawsuit wherein they "stipulate and agree that John Cottam, Linda Cottam, Kevin Barba, Lincom LLC, … Candace Warder, Ronald Warder (and their employer ES&D) are not seeking appointment of a receiver nor are they asserting claims against the Plan, Jon Cocks, the committeemen the trustee or the TPA." Stipulation, Exhibit 3. Since Movants are making no claim against Debtor, their claims have not been removed.

13. Alternatively, even if the claims and causes of action against non-debtors were arguably removed, any attempt to remove claims or causes of action, other than those against the Debtor, is a nullity. "In fact, the removal by [the Debtor] can in no way hinder, delay or stay the state court proceeding as far as other non-debtor entities and persons are concerned." *In re Wellington Resources Corp.*, 20 B.R. 64, 26 (1982).

14. Movants therefore request this Court to clarify the scope of removal and enter an order confirming that none of Movants' claims or causes of action have been removed.

### D. Motion to Remand

15. Alternatively, if Movants claims and causes of action have been removed, they hereby move for remand of same.

16.   Removal under 28 USC 1452 is limited to removal of claims or causes of action that are "related to" a bankruptcy case. A matter is "related to" a bankruptcy proceeding if the outcome of the matter could conceivably have any effect on the estate being administered in bankruptcy. *In re Wood,* 825 F.2d 90, 93 (5th Cir. 1987). Since Movants claims could have absolutely no effect on the Debtor's estate, they are not "related to" a bankruptcy proceeding and cannot be removed.

17.   For these reasons, to the extent that Debtor has purported to have removed Movants' claims, this Court lacks subject matter jurisdiction as Movants make no claim against Debtor, the assets of Debtor or any party related to Debtor (Cocks, Plan Committee members, Trustee or TPA). Thus, to the extent that Debtor has actually removed Movants' claims to this Court, this Court lacks subject matter jurisdiction over Movants' claims and they should be remanded to state court. Movants accordingly move for remand to the extent that their claims have even been removed.

### E.  Motion to Abstain

18.   Alternatively, Movants move the Court to abstain from adjudicating their claims in any manner, and move for remand under 28 USC 1334(c)(2) because Movants claims against third-parties are based on state law, do not arise under Title 11, could not have been originally commenced in Federal Court and can be timely adjudicated in the state court where it was pending and set for trial as noted above. *In re: Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999). The Lawsuit is set for trial on September 29, 2010 (Exhibit 4, ¶ 1), there is a status conference set for July 26, 2010 in the Lawsuit (Exhibit 4, ¶ 1),

Movants have designated their experts and provided reports from their experts and their cases will be ready to go to trial on the date set.

19.   Alternatively, Movants move the Court to abstain from adjudicating their claims in any manner, and move for remand for equitable reasons pursuant to 28 USC 1452(b) for the reasons noted above.  Movants' claims arise exclusively under Texas state law.  Judge Molberg has already spent considerable time presiding over numerous pretrial matters in this case and the related *Westfall* case and has adopted a comprehensive pretrial schedule that is substantially complete.  Exhibit 4.  Numerous equitable grounds call for a remand of this case.  *McCratic v. Bristol-Myers Squibb & Co.,* 183 B.R. 113 (N.D. Tex. 1995).

20.   In support of abstention, Movants also incorporate herein the Motion to Remand simultaneously filed by the other Plaintiffs in the underlying state court case who actually are seeking relief against Debtor

### F.  Opposition to Motion to Transfer Venue

21.   This Court should promptly rule on this Motion to Remand or alternatively, Motion to Abstain rather than transfer this to Oklahoma as there is no basis for transferring Movants' claims to Oklahoma.  *See W.S.F.-World Sports Fans, LLC v. Quest Title Company*, 367 B.R. 786, 791 (Bankr. D.N.M. 2007) ("[w]hen a proceeding has been removed to the bankruptcy court, and the party who removed the proceeding seeks to transfer venue while the opposing party seeks abstention and remand, the Court should first consider whether to abstain and remand before addressing the request to change venue").  Movants are not from Oklahoma, they are not asserting any claims against anyone in Oklahoma, they are not asserting any claims against Debtor or the estate of

Debtor and there is no justifiable reason to burden Movants with a transfer to Oklahoma. There is no reason to delay the trial of their cases by transferring venue to Oklahoma. For these reasons Movants urge the Court to deny Debtors Motion to Transfer Venue of their case against non-debtors to Oklahoma.

### G.  Notice Under Bankruptcy Rule 9027(e)(3)

22.    Movants deny that this proceeding is a core proceeding.

23.    Movants do not consent to entry of final orders or judgment by the bankruptcy judge.

        Respectfully submitted,

        MALESOVAS LAW FIRM

        /s/ John L. Malesovas
        JOHN L. MALESOVAS
        State Bar No. 12857300
        816 Congress, Suite 1265
        Austin, Texas 78701
        Telephone:  (512) 708-1777
        Facsimile:  (512) 708-1779
        john@malesovas.com

        ANTHONY L. VITULLO
        State Bar No. 20595500
        LAURA RICHARDS SHERRY
        State Bar No. 24056203
        FEE, SMITH, SHARP & VITULLO, L.L.P.
        Three Galleria Tower
        13155 Noel Road, Suite 1000
        Dallas, Texas 75240
        Telephone:  (972) 934-9100
        Facsimile:  (972) 934-9200
        lvitullo@feesmith.com
        lsherry@feesmith.com

        - and -

            L<small>ARRY</small> E. K<small>ELLY</small>
            State Bar No. 11226500
            B<small>EARD</small> K<small>ULTGEN</small> B<small>ROPHY</small> B<small>OSTWICK</small> D<small>ICKSON</small>
             & S<small>QUIRES</small>, LLP
            5400 Bosque Boulevard, Suite 301
            Waco, Texas 76710
            Telephone:  (254) 776-5500
            Facsimile:  (254) 776-3591
            E-mail: Kelly@thetexasfirm.com

*Counsel for Movants*

## CERTIFICATE OF CONFERENCE

   I hereby certify that prior to filing the foregoing Motion filed by Cottam and Warder, I contacted and conferred with Doug Skierski, counsel for the Debtor in this case. No agreement could be reached regarding this matter at this time.

            /s/ John L. Malesovas

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing Motion by Cottam and Warder was served upon the parties listed below by facsimile, regular U.S. Mail, certified mail, return receipt requested and/or electronic service on this 23rd day of June, 2010.

Mr. Peter Franklin
Mr. Doug Skierski
Mr. Erin K. Lovall
Franklin Skierski Lovall Hayward, LLP
10501 N. Central Expressway, Suite 106
Dallas, TX 75231

Mr. Gregg S. Weinberg
Roberts Markel PC
2800 Post Oak Boulevard, 57th Floor
Houston, TX 77056

Ms. Katy S. Kamen
Mr. Ted Scallet
Groom Law Group
1701 Pennsylvania Ave., N.W.
Washington, DC 20006

Mr. James W. Bowen
Hunton & Williams, LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

Mr. Lawrence T. Bowman
Cozen O'Connor
1717 Main Street
2300 Comerica Tower
Dallas, TX 75201

Ms. Amy B. Boyea
Edison, McDowell & Hetherington, LLP
2000 E. Lamar Boulevard, Suite 600
Arlington, TX 76006

Mr. D. Craig Brinker
Henslee Schwartz, LLP
6688 North Central Expressway, Suite 850
Dallas, TX 75206

Ms. Karan C. Ciotti
Ogden, Gibson, Broocks, Longoria & Hall, LLP
1900 Pennzoil South Tower
711 Louisiana Street
Houston, TX 77002

Ms. Sarah B. Davis
Beirne Maynard & Parsons, L.L.P.
1700 Pacific Avenue, Suite 4400
Dallas, TX 75202

Mr. Jason K. Fagelman
Fulbright & Jaworski
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

Mr. Juston R. Givens
Phillips Murrah, P.C.
101 N. Robinson Avenue, 13th Floor
Oklahoma City, OK 73102

Mr. Timothy Headley
Cozen O'Connor
1717 Main Street
2300 Comerica Tower
Dallas, TX 75201

Mr. Stephen C. Jackson
Maynard Cooper & Gale, PC
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

Mr. Dale Ossip Johnson
The Johnson Firm
P. O. Box 427
Cedar Park, TX 78630

Mr. Gary S. Kessler
Kessler & Collins
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Mr. Fred A. Leibrock
Phillips Murrah, P.C.
Corporate Tower, 13th Floor
101 N. Robinson
Oklahoma City, OK 73102

Mr. Glenn LeMay
Gordon & Rees LLP
1900 West Loop South, Suite 1000
Houston, TX 77027

Ms. Allison J. Maynard
Wilson Elser Moskowitz Edelman & Dicker, LLP
901 Main Street, Suite 4800
Dallas, TX 75202

Mr. David T. McDowell
Edison, McDowell & Hetherington, LLP
3200 Southwest Freeway, Suite 2920
Houston, TX 77027

Mr. Timothy Muth
Reinhart Boerner Van Deuren SC
1000 N. Water Street, Suite 2100
Milwaukee, WI 53201

Mr. Arthur V. Pearson
Murphy Pearson Bradley & Feeney
88 Kearney Street, 10th Floor
San Francisco, CA 94108

Mr. Matthew G. Pletcher
Beirne Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056

Mr. Foster Reese
Ms. Julie A. Shehane
Mr. Kirk D. Willis
Helms & Greene, LLC
1700 Pacific Avenue, Suite 1000
Dallas, TX 75201

Mr. Bryon L. Romine
Kessler & Collins
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Mr. Martin S. Schexnayder
Wilson Elser Moskowitz Edelman & Dicker, LLP
5847 San Felipe, Suite 2300
Houston, TX 77057

Mr. Joe Sibley
Camara & Sibley, LLP
2339 University Blvd.
Houston, TX 77005

Mr. Nelson Skyler
Brown Sims, PC
1177 West Loop South, Tenth Floor
Houston, TX 77027

Mr. L. Boyd Smith
Sedgwick, Detert, Moran & Arnold LLP
1111 Bagby Street, Suite 2300
Houston, TX 77002

Mr. J. Michael Weston
Bennett Weston Lajone & Turner PC
1750 Valley View Lane, Suite 120
Dallas, TX 75234

                                                /s/ John L. Malesovas