John L. Malesovas
State Bar No. 12857300
Malesovas Law Firm
816 Congress Avenue, Suite 1265
Austin, Texas 78701
Telephone:  (512) 708-1777
Facsimile:  (512) 708-1779
E-mail:  john@malesovas.com

Anthony L. Vitullo
State Bar No. 20595500
Laura Richards Sherry
State Bar No. 24056203
FEE, SMITH, SHARP & VITULLO, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:  (972) 934-9100
Facsiile:  (972) 934-9200
E-mail:    lvitullo@feesmith.com
              lsherry@feesmith.com

Larry E. Kelly
BEARD KULTGEN BROPHY BOSTWICK DICKSON & SQUIRES, LLP
5400 Bosque Boulevard, Suite 301
Waco, Texas 76710
Telephone:  (254) 776-5500
Facsimile:  (254) 776-3591
E-mail:  Kelly@thetexasfirm.com

Dalton D. Harris, III
THE HARRIS FIRM, P.C.
5050 West Lovers Lane
Dallas, Texas 75209
Telephone:  (214) 956-7474
Facsimile:  (214) 956-7405

*Counsel for Movants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN,** | **CASE NO. 10-13528** |
| | **(CHAPTER 11 - PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA)** |
|    **MILLENNIUM.** | |
| **CLAUDE YOUNG, et al,** | |
|    *Plaintiffs,* | |
|    **v.** | **ADVERSARY NO. 10-03156-bjh** |
| **THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, et al** | |
|    *Defendants.* | |

**AND**

| | |
|---|---|
| **IN RE:** | |
| **MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN,** | **CASE NO. 10-13528** |
| | **(CHAPTER 11 - PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA)** |
|    **MILLENNIUM.** | |
| **FRED WESTFALL, et al,** | |
|    *Plaintiffs,* | |
|    **v.** | **ADVERSARY NO. 10-03158-bjh** |
| **NORMAN H. BEVAN, THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, et al.,** | |
|    *Defendants.* | |

**PLAINTIFFS' MOTION TO CLARIFY SCOPE OF REMOVAL
AND/OR TO REMAND AND/OR TO ABSTAIN, AND RESPONSE TO
MILLENNIUM'S MOTION TO TRANSFER VENUE, AND BRIEF IN SUPPORT**

The Millennium here apparently takes the position that all claims against all parties in two enormous and well-advanced state court fraud lawsuits arising out of Plaintiffs' investments in the Millennium Multiple Employer Welfare Benefit Plan ("Millennium" or "Millennium Plan") have been removed to this Court and are now the subject of the above-referenced adversary proceedings.  The Plaintiffs in the *Westfall Case* and the *Young Case* as identified below (collectively "Plaintiffs" or "Movants")[1] respectfully move the Court for an order clarifying the extent of the removal and/or remanding any claims which have been removed, but should not have been, to the 95th District Court of Dallas County, Texas (namely, all claims not asserted directly against the Millennium or the Millennium's estate herein).

---

[1] The moving Plaintiffs are Claude Young, Mike Young, Iris Young and Red River Sanitors, Inc. ("Young"); Danny Cranford, Jennifer Fleshner and Accron, LP ("Cranford"); Randolph R. Evans, Joan Evans and Randolph R. Evans, MD, PC ("Evans"); Mark E. Wilson and Mark E. Wilson, DDS, PC ("Wilson"); Louis Guerra, Joe Guerra, Rudolph Guerra, Rudy's Food Products, Inc., and Guerra Holdings, Inc. ("Rudy's");; Allan W. Lipka, Evans, Lipka and Associates, Inc., and Douglas Kottas  ("Lipka"); Loren Unruh, Gayle Unruh and LH&G Enterprises ("Unruh"); Perry M. Jayne, Chad Jayne and Anchor Frame and Axle, Inc. ("Jayne"); Karen Tan, Family Ear, Nose & Throat Care, PC, and Family Ear, Nose & Throat Services, PLLC  ("Tan"); Jerrold Malamut, Lynne C. Malamut, Todd Benjamin Malamut and National Real Estate Brokerage, Inc. ("Malamut"); David W. French, Tonia French and David W. French, M.D., PSC ("French"); Dr. Steven L. Harris, Letitia Harris and Dr. Steven L. Harris, D.M.D. ("Harris"); Andrew Baldauf, Cynthia Baldauf and Unique Surgical Products, Inc. ("Baldauf"); Arlan Hollenbeck, Sue Hollenbeck and A&S Masonry, Inc. d/b/a D&R Masonry ("Hollenbeck"); Kelly Schreckengast and KBS Real Estate, LLC ("Schreckengast"); Tom Calabrese and Tom Calabrese Trucking, Inc. ("Calabrese"); Randolph Wischnewsky and M & C Fencing, Inc. ("Randolph Wischnewsky"), Leslie A. Wischnewsky and L.W. Fabricating, Inc. ("Leslie Wischnewsky"), Scott Robertson, M.D., Katie Robertson, Scott Robertson, M.D., P.C. d/b/a Midwest Neurosurgery ("Robertson"), Michael C. McGinnis, Southwestern Pathology Associates, P.C. ("McGinnis") (the foregoing hereinafter referred to as "the Young Plaintiffs"); and Fred Westfall, Timothy Westfall, Patricia Westfall Gonzales and Westfall Constructors, LTD. ("Westfall"); Edward C. Wade, M.D. and Edward C. Wade, M.D., PA ("Wade"); Marvin J. Mobley, Linda Dianne Mobley and Aberty Corporation ( "Mobley"); Kathy Pietro, Robert Martinelli and M&P Development, LLP ( "M&P"); Carl Franklin, Edith L. Franklin and International Falcon Associates, Inc. ( "Franklin"); Dr. Jordan F. Worth and Midtown Physicians, L-LLP ( "Worth"); Michael Goldberg, M.D., Edward Parelhoff, M.D. and Eye Consultants of Northern Virginia, P.C.; Ronald Anderson, Deborah Anderson, and Supplier Link Services, Inc. ( "Anderson"); Paul and Lucy Janoush, Joe and Dorothy Janoush, John and Beverly Janoush, and Jantran, Inc. ( "Janoush"); Tim and Tracy Johnston and Chapter II, Inc. ( "Johnston")

In the alternative, this Court should abstain from exercising jurisdiction over those claims, *and* claims asserted directly against the Millennium, and remand the same for trial under the well-established mandatory and/or equitable abstention and remand doctrines codified in 28 U.S.C. § 1334 and § 1452. The *Westfall* and *Young* actions, which have been consolidated for purposes of pretrial discovery by agreement of the parties, are set for expeditious resolution in state court after years of litigation, and should proceed to resolution in that forum. In support of their motions, Movants show the Court as follows:

## I.    Procedural History of These Two Adversary Proceedings

1.    Movants are Plaintiffs in the *Westfall Case* and the *Young Case*, suits that were originally filed against multiple Defendants in state court on May 2, 2008 and October 20, 2008, respectively. The *Westfall Case* is Cause No. 08-04870 styled *Fred Westfall, et. al v. Norman Bevan, et al.*, in the 95th District Court in Dallas County, Texas. The *Young Case* is Cause No. 08-13325, styled *Claude Young et. al v. The Millennium Multiple Employer Welfare Benefit Plan, et al.*, also pending in the 95th District Court in Dallas County, Texas. Both *Westfall* and *Young* are herein referred to as the "State Court Litigation".

2.    On June 9, 2010, Millennium filed a Petition for Relief under Chapter 11 of Title 11, United States Code.

3.    On June 9, 2010, Millennium also purported to remove certain claims and causes of action in the State Court Litigation pursuant to 28 U.S.C. § 1452, resulting in two separate adversary proceedings.

4.      On June 10, 2010, Millennium then filed a Motion to transfer both proceedings to the Western District of Oklahoma.  That Motion is pending.

## II.    Numerous Parties and Claims Exist in the State Court Litigation

5.      The Plaintiffs in the *Westfall Case* include the following:  Fred Westfall, Timothy Westfall, Patricia Westfall Gonzales and Westfall Constructors, LTD. ("Westfall"); Dennis Scheumann, Sylvia Scheumann and Mid-States Tool & Machine, Inc. ("Scheumann") (Scheumann has filed or will file a separate Motion to Remand as Scheumann is not asserting any claims against Millennium); Edward C. Wade, M.D. and Edward C. Wade, M.D., PA ("Wade"); Marvin J. Mobley, Linda Dianne Mobley and Aberty Corporation ("Mobley"); Kathy Pietro, Robert Martinelli and M&P Development, LLP ("M&P"); Carl Franklin, Edith L. Franklin and International Falcon Associates, Inc. ("Franklin"); Dr. Jordan F. Worth and Midtown Physicians, L-LLP ("Worth"); Michael Goldberg, M.D., Edward Parelhoff, M.D. and Eye Consultants of Northern Virginia, P.C.;  Ronald Anderson, Deborah Anderson, and Supplier Link Services, Inc. ("Anderson"); Greg Lewis, Karen Lewis, and Lewco Intergrated Technical Serices, Inc. ("Lewis") (Lewis has filed or will file a separate Motion to Remand as Lewis is not asserting any claims against Millennium); Paul and Lucy Janoush, Joe and Dorothy Janoush, John and Beverly Janoush, and  Jantran, Inc. ("Janoush"); and Tim and Tracy Johnston and Chapter II, Inc. ("Johnston").

6.      The Plaintiffs in the *Young Case* include the following:  Claude Young, Mike Young, Iris Young and Red River Sanitors, Inc. ("Young"); Danny Cranford, Jennifer Fleshner and Accron, LP ("Cranford"); Randolph R. Evans, Joan Evans and

Randolph R. Evans, MD, PC ("Evans"); Mark E. Wilson and Mark E. Wilson, DDS, PC ("Wilson"); Louis Guerra, Joe Guerra, Rudolph Guerra, Rudy's Food Products, Inc., and Guerra Holdings, Inc. ("Rudy's"); John Cottam, Linda Cottam, Lincom, LLC, and Kevin Barba ("Cottam") (Cottam has filed or will file a separate Motion to Remand as Cottam is not asserting any claims against Millennium); Allan W. Lipka, Evans, Lipka and Associates, Inc., and Douglas Kottas  ("Lipka"); Loren Unruh, Gayle Unruh and LH&G Enterprises ("Unruh"); Ronald Scot Warder, Candace Warder, and E.S. and D. Services, Inc. ("Warder") (Warder has filed or will file a separate Motion to Remand as Warder is not asserting any claims against Millennium); Perry M. Jayne, Chad Jayne and Anchor Frame and Axle, Inc. ("Jayne"); Karen Tan, Family Ear, Nose & Throat Care, PC, and Family Ear, Nose & Throat Services, PLLC   ("Tan"); Jerrold Malamut, Lynne C. Malamut, Todd Benjamin Malamut and National Real Estate Brokerage, Inc. ("Malamut"); David W. French, Tonia French and David W. French, M.D., PSC ("French"); Dr. Steven L. Harris, Letitia Harris and Dr. Steven L. Harris, D.M.D. ("Harris"); Andrew Baldauf, Cynthia Baldauf and Unique Surgical Products, Inc. ("Baldauf"); Arlan Hollenbeck, Sue Hollenbeck and A&S Masonry, Inc. d/b/a D&R Masonry ("Hollenbeck"); Kelly Schreckengast and KBS Real Estate, LLC ("Schreckengast"); Tom Calabrese and Tom Calabrese Trucking, Inc. ("Calabrese"); Randolph Wischnewsky and M & C Fencing, Inc. ("Randolph Wischnewsky"), Leslie A. Wischnewsky and L.W. Fabricating, Inc. ("Leslie Wischnewsky"), Scott Robertson, M.D., Katie Robertson, Scott Robertson, M.D., P.C. d/b/a Midwest Neurosurgery ("Robertson"), Michael C. McGinnis, Southwestern Pathology Associates ("McGinnis").

The *Westfall Case* and the *Young Case* are collectively referred to herein as the "State Court Litigation."

7.      The *Young Case* and the *Westfall Case* have been consolidated for pretrial pursuant to an Agreed Discovery Control and Scheduling Order ("Scheduling Order"). *See* **Exhibit 1**.  Pursuant to the Scheduling Order, a pre-trial status conference is set for July 26, 2010, another pre-trial hearing is set for September 23, 2010 to resolve any other pending pre-trial matters, and a jury trial is scheduled to begin September 27, 2010.  It is anticipated that the trial will last at least 8 weeks.

8.      Although the Millennium is named as a defendant in the State Court Litigation, the Millennium Plan is really just a document setting forth the participants purported rights to receive money for purported welfare benefits.  The Millennium Plan was created by two insurance agents, with the assistance of the insurance companies they worked for, to use as an advanced marketing tool to secure substantial sales of life insurance.  Each of the Movants deposited substantial sums in the Millennium Plan ranging from $100,000 to $2,500,000.  One hundred percent of the money deposited in the Millennium Plan was used to buy life insurance policies on the participant's lives. The only assets of the Millennium Plan are the life insurance policies on the participant's lives.[2]  Movants were all told that the money deposited in the Millennium Plan was tax deductible as a legitimate contribution to a welfare benefit plan.  Movants were all told that they could later withdraw their money through various means.

---

[2] There is some cash as well, but this is derived either from participant's contributions or from loans taken against the cash value in the life insurance policies on the participant's lives.

9.    Contrary to these representations, Movants cannot get their money out of the Millennium Plan.  Much of their money has been paid to insurance agents as commissions.  Movants cannot get the insurance policies on their lives, or the cash value that has built up in those policies.  The Millennium Plan has been declared a fraud by the IRS.  *See* IRS Letter Ruling, attached as **Exhibit 2**.  Many of the participants in the Millennium Plan, including many of the Movants, have been audited by the IRS.  The IRS has denied their tax deductions and imposed substantial penalties.  For example, General Franklin, a 4-star Air Force General, invested approximately $250,000 in Millennium and has now been assessed IRS penalties of $900.000.  *See* **Exhibit 3**.  His tax deductions have also been denied, so he was also charged back taxes and interest.  *See* **Exhibit 4**.  Yet he cannot access any of the $250,000 invested to even pay the taxes on it.

10.    The reason General Franklin, and the other Movants, cannot access any of the money invested in the Millennium Plan is because it is being controlled by a man named Jon Cocks – someone who has none of his own money in the Millennium Plan but who pays himself almost $500,000 a year to "manage" the Millennium Plan.  Cocks previously worked out of his home as a struggling CPA until he was tapped by the insurance salesmen that created the Millennium Plan to act as the manager for a compensation package of almost $500,000 a year.  Cocks paid himself over $400,000 from the participants' money in the year preceding this bankruptcy filing.  Cocks main interest is in perpetuating the Millennium Plan at all costs, and retaining the assets under his control.  He has been borrowing money from the insurance policies on the participant's lives, reducing the available benefits under the insurance policies held by

the Millennium Plan, and spending most of the money hiring lawyers from around the country to fight the IRS and also fight the participants.  These lawyers were paid over $5,000,000 of the participants' money last year.  *See* **Exhibit 5**.  These lawyers were paid another $5,000,000 of the participants' money within days before the filing of this bankruptcy.  The amount paid the lawyers represents almost ten times the actual "benefits" paid to the participants.  These lawyers – 11 separate law firms – have now filed motions to be retained as counsel for the Millennium Plan in this bankruptcy proceeding which will further substantially reduce the remaining assets available to the participants in the Millennium Plan.

11.    Movants have all sued American General, or its related insurance company, US Life, Indianapolis Life, Penn Mutual, or Guardian, and their insurance salesmen, because they used the Millennium Plan to dupe Movants into investing substantial sums that were used to purchase large life insurance policies and generate huge commissions for the salesmen and corresponding income for the insurance companies.  Although Movants also sue the Millennium Plan, since the Millennium Plan is nothing but a collection of insurance policies controlled by a purported "Plan Document," all Movants can really hope to recover from the Millennium Plan is whatever is left of the money they invested.  Movants primary interest in naming the Millennium Plan as a defendant is to try and preserve their money from being dissipated by Cocks.

III.    <u>The State Court Litigation is Well Advanced</u>

12.    The State Court Litigation is well advanced and on the verge of trial.  The parties have not only already engaged in substantial pretrial discovery as hereinafter

described, but they have also scheduled substantial final pretrial discovery, hearings and settlement conferences which are being interfered with by Millennium's bankruptcy filing.

13.    For example, there are numerous depositions scheduled across the country which required retaining counsel in various states to subpoena non-party witnesses for their deposition.  The pending discovery has required herculean efforts on the part of all parties and often required dual discovery schedules with multiple depositions on individual days, because of the trial court's insistence that the parties be prepared for trial in September and because of the tight deadlines to which the parties had all agreed in the Scheduling Order.  Twenty-one (21) depositions of the following people were scheduled to proceed in the next 30 days:  1) Deborah Anderson, 2) Ronald Anderson, 3) Michael Hutchins, 4) Audrey Lowery, 5) Karen Delgado, 6) the corporate representative of Whitaker Chalk, 7) the corporate representative of Penn Mutual, 8) Kathy Pietro, 9) the corporate representative of Republic Bank & Trust and SecurePlan Administrators, 10) Robert Martinelli, 11) David French, 12) Tonia French, 13) Joyce Reuther, 14) T.R. Moore, 15) Brendan Fielding, 16) Ted Zouzounis, 17) Brian Clark, 18) Kelly Schreckengast, 19) Gary McPhail, 20) G.E. O'Neil, and 21) Lee Schott.  None of the depositions were for a representative or employee of the Millennium Plan.

14.    In addition, because of the looming trial setting, substantial progress was being made towards settlement of the State Court Litigation.  But the bankruptcy filing is threatening this progress as well.  The parties mediated the case for 2 days in May 2010 resulting in several settlements with certain insurance agents.  Substantial progress was

also made in settlement negotiations directed towards Movant's claims against the remaining insurance companies, American General, US Life, Indianapolis Life and Penn Mutual. A second mediation with American General was scheduled in Austin, Texas for June 17, 2009 and a second mediation with Indy Life was scheduled in Austin, Texas for July 7, 2010. Substantial settlement discussions were also ongoing with several of the insurance agent Defendants, additional settlements were achieved after the initial 2 day mediation and meaningful progress was being made as to some of the other Defendants.

15.    All of this came to a screeching halt though as a result of the bankruptcy filing by Millennium. The mediations were unilaterally cancelled by the insurance companies. The depositions were unilaterally cancelled by the insurance companies and other Defendants. All of this has occurred under the erroneous premises that because of the bankruptcy Movants can no longer proceed against any of the non-Millennium Defendants.

16.    Between the *Young Case* and the *Westfall Case*, 104 Plaintiffs have sued 59 defendants besides the Millennium Plan. The remaining Defendants, excluding the Millennium Plan, include: 1) Jon Cocks, 2) David Esman, 3) Larry Cress, 4) Timothy O'Rourke, 5) Kathy Barrow, 6) Whitaker, Chalk, Swindle, and Sawyer, LLP, 7) Scott Ridge, 8) Ridge Insurance, Inc., 9) Republic Bank & Trust, 10) SecurePlan Administrators, LLC, 11) Milliman, Inc., 12) American General Life Insurance Company, 13) Indianapolis Life Insurance Company, 14) American General Securities, Inc., 15) David Cline, 16) Greenbook Financial Services, Inc., 17) Benjamin Daniel Kennedy, III, 18)  Wilshire-Pennington Group, Inc., 19) Gary Thornhill, 20) Private

Consulting Group, Inc., 21) Medalist Marketing Group, LLC, 22) Thornhill Assurance Services, Inc., 23) Kathleen C. Peer, 24) United States Life Insurance Company in the City of New York, 25) The Wellington Group, LLC, 26) Tony J. Bonnano, 27) Glenn Arons, 28) Raymond Wicker, 29) Jeffrey DuBose, 30) James Palumbo, 31) One Source Financial Services, Inc., 32) Jeffrey White, 33) White Financial Group, Inc., 34) Christopher Lubbers, 35) Hearland Financial Advisors Group, Inc., 36) Ben Sartin, 37) D/A Financial Services, Inc. 38) Theodore Zouzounis, 39) NFP Insurance Services of California, Inc., 40) Tony Fakouri, 41) Penn Mutual Life Insurance Company, 42) Donald Jay Trudeau, 43) Gary Lee Clark, 44) Joe Denson, 45) Medalist, LLC, and 46) Guardian Life Insurance Company.  Copies of the live Petitions from the *Young* and *Westfall Cases* are attached as **Exhibits 6 and 7** respectively.  Movants have separate and distinct causes of action against these remaining Defendants, independent of any claims the Movants may have against the Millennium Plan or its assets, including but not limited to claims for fraud, fraudulent inducement, negligence, negligent misrepresentation, breach of fiduciary duty, and violations of the Deceptive Trade Practices Act.

17.    Since the filing of these State Court Lawsuits in 2008, Plaintiffs and Defendants have conducted extensive fact discovery.  Plaintiffs and Defendants have taken at least 60 depositions in these two cases.  A chart of all depositions conducted to date is attached hereto as **Exhibit 8** and incorporated herein by reference.  Plaintiffs and Defendants have engaged in exhaustive written discovery.  Between Plaintiffs and Defendants, several hundred sets of Requests for Admissions, Request for Production, and Interrogatories have been served and answered.  Lists of the discovery that has been

served and answered in the *Young Case* and the *Westfall Case* are attached hereto, respectively, as **Exhibits 9 and 10** and incorporated herein by reference.  Plaintiffs and Defendants have produced hundreds of thousands of documents.  A list of all the documents produced to date is attached hereto as **Exhibit 11** and incorporated herein by reference.  Plaintiffs have already submitted all of their expert reports including the reports of Wayne Williams, Lance Wallach, Daniel Schreimann and Dwight Bartlett.

18.     Judge Molberg, the presiding judge in the State Court Litigation, is intimately familiar with the factual issues, the legal issues, and all of the many other intricacies involved in these two cases.  He has already ruled on a Motion for Partial Summary Judgment finding that the Millennium Plan is not a valid ERISA Plan.  *See* **Exhibit 12**.  There were hearings set on several other dispositive motions as well.  He presided over a Motion to Appoint Receivers.  He has presided over innumerable discovery hearings.  He is well versed in the claims and parties and is prepared to proceed to trial shortly.

19.     This latest filing and removal is just a delay tactic.  It is but one of many that has been attempted by various Defendants.  The *Westfall Case* was previously removed by American General to the Northern District Federal Court based on purported ERISA preemption.  Judge Fitzwater rejected this argument and remanded the case.  *See* **Exhibit 13**.  American General and Indy Life insurance companies then filed 3 separate interpleader suits in Oklahoma Federal Court attempting to force Movants to litigate their claims in Oklahoma Federal Court.  They also sought injunctive relief to prevent Movants from proceeding with the State Court Litigation.  These procedural maneuvers

failed as well.  And now, by the bankruptcy filing and corresponding removal and joinder therein by the insurance companies and other defendants, the Defendants in the State Court Litigation are trying to derail the trial of the cases yet again.

20.    The following represents the pre-trial schedule already in place for the State Court Litigation at the time of the bankruptcy filing and purported removal:

a)    6/22/10 – Hearing on Guardian's Motion for Protection from Bonnema's Notice of Corporate Representative Deposition and Guardian's MSJ on Bonnema's Cross Claims;

b)    6/29/10 – Defendants' expert designations and reports are due; Defendants must provide Plaintiffs' counsel with two proposed dates for each expert deposition;

c)    7/01/10 – Status Conference

d)    7/06/10 – Deposition of Randy Evans

e)    7/07/10 – Mediation with Indianapolis Life

f)    7/08/10 – Deposition of corporate representative of Greenbook Financial

g)    7/09/10 – Hearing on Plaintiff's Motion to Compel Production from American General (Flippen memorandum)

h)    7/14/10 – Deposition of Len Bielski

i)    7/16/10 – Deposition of Robert Camp

j)    7/26/10 – Status Conference

k)    7/29/10 – Dispositive Motions Filed and Expert Depositions complete

l)    7/29/10 – Mediation with Kennedy and Wilshire Pennington

m)    8/13/10 – Discovery Deadline; Amended Pleadings Deadline; Mediation Complete, and Rebuttal Experts Deadline

n)    8/20/10 –Motion to Compel Discovery deadline

o)    8/27/10 – Document Authenticity conference; exchange Exhibit Lists, Page-Line Designations, Witness Lists and Motions in Limine

p)    9/20/10 – Objections to Exhibits Lists, Page-Line Designations, Witness Lists, and Motions in Limine; Meeting with all Counsel

q)    9/23/10 – Pre-trial Conference

r)    9/27/10 – Trial

21.    It is evident that the Millennium Plan's filing for bankruptcy is a strategic delay tactic.  As such, the Court should decline to exercise such jurisdiction over any properly removed claims where, as here, there are pending state court proceedings which are well advanced, set for trial, and have addressed and are addressing all of the issues presented herein.

## IV.    <u>Motion to Clarify Scope of Removal</u>

22.    The bankruptcy removal statute upon which Millennium relies, 28 USC § 1452, provides for limited removal of only "any claim or cause of action in a civil action."  It does not allow for removal of the entire "civil action," as Section 1441 by contrast provides.  *See* 28 USC § 1441 ("any civil action brought in a State court … may be removed ….").  In addition, only the claims or causes of action over which the federal court has jurisdiction under 28 USC § 1334 may be removed.

23.    Further, the scope of the removal is generally determined by reference to the Removal Petition.  *In Re Princess Louise Corp.*, 77 B.R. 766, 768 (C.D. Cal. 1987).  Any ambiguity in the scope of removal should be construed in favor of a *narrow* removal

given the limited nature of removal jurisdiction under 28 USC § 1452, and the fact that federal removal jurisdiction is to be narrowly applied. "Any ambiguities are construed against removal because the removal statute should be strictly construed …." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

24. Here, in its Notices of Removal, Millennium references claims made against it by Plaintiffs in the State Court Litigation and characterizes these claims as "the Lawsuit". Millennium deliberately sets forth the identity of each person Millennium asserts to be making a claim against it in the Lawsuit. Millennium then states that it is removing "the Lawsuit." Millennium does not reference the *many and multiple claims* made by Plaintiffs against *many and multiple other parties* to the so-called "Lawsuit." So it appears from the Notice of Removal that Millennium has only removed the claims and causes of action asserted against it – which are the only claims or causes of action that it is even permitted to remove. And, any ambiguity in the Notice of Removal must be construed to narrow the scope of removal, which in this case would limit the removal to claims asserted against Millennium.

25. Alternatively, even if the claims and causes of action against non-Millenniums were arguably removed, any attempt to remove claims or causes of action other than those against the Millennium is a nullity. "In fact, the removal by [the Millennium] can in no way hinder, delay or stay the state court proceeding as far as other non-Millennium entities and persons are concerned." *In re Wellington Resources Corp.*, 20 B.R. 64, 26 (N.D. Tex. 1982).

26.    The fact that all claims against a non-Millennium are allowed to proceed in state court is consistent with the well-established rule in the Fifth Circuit that claims against non-Millenniums are not affected by the automatic stay.    *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007).   See also William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE, at § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting [any] extension of the stay to a non debtor").

27.    Movants therefore request this Court to clarify the scope of removal and enter an order confirming that none of Movants' claims or causes of action asserted against any Defendant other than the Debtor Millennium Plan have in fact been removed.

## V.    Motion to Remand

28.    Alternatively, if Movants' claims and causes of action against Defendants other than the Millennium have been removed, they hereby move for remand of same.

29.    Removal under 28 USC 1452 is limited to removal of claims or causes of action that are "related to" a bankruptcy case.   A matter is "related to" a bankruptcy proceeding only if the outcome of the matter could conceivably have any effect on the estate being administered in bankruptcy.  *In re Wood,* 825 F.2d 90, 93 (5th Cir. 1987).  Since Movants' claims against Defendants other than the Millennium Plan could have absolutely no effect on the Millennium's estate, since each Defendant is responsible for their own conduct and the damages asserted against them, they are not "related to" a bankruptcy proceeding and cannot be removed.

30.    The burden of establishing federal jurisdiction under Section 1452 is firmly upon the removing party. *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). Millennium has not met that burden here, nor has it even attempted to do so. For these reasons, to the extent that Millennium has purported to have removed Movants' claims against non-Millenniums, this Court lacks subject matter jurisdiction over Movants' claims and they should be remanded to state court. Movants accordingly move for remand to the extent that their claims have even been removed.

## VI.    <u>Motion to Abstain</u>

31.    Alternatively, Movants move the Court to abstain from adjudicating their claims in any manner, and move for remand under 28 USC § 1334 and § 1452(b).

32.    First, with respect to any claims not directly asserted against the Millennium herein, mandatory abstention applies pursuant to 28 USC §1334(c)(2), which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This statute applies to "non-core" proceedings, meaning those proceedings that do not invoke the substantive rights created by bankruptcy law and which can exist independently from the bankruptcy. *See In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Such is the instant case. Movants' claims against non-Millenniums do not seek any

judgment against the Millennium, nor do they in any way impact the assets of the Millennium's estate.

33.    Movants' claims against third-parties are based on state law, do not arise under Title 11, could not have been originally commenced in Federal Court and can be timely adjudicated in the state court where it was pending and set for trial as noted above. *See In re: Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999).

34.    Second, Movants move for abstention and remand as to all claims, including their claims asserted against the Millennium, pursuant to 28 U.S.C. § 1334(c)(1), which provides for discretionary abstention, or 28 U.S.C. § 1452(b), allowing for equitable remand.  Because the statutes are similar in purposes, "the circumstances which weigh in favor of discretionary abstention . . . weigh in favor of or constrain remand under § 1452(b)." *Gehan Properties II, Ltd. v. Integrated Performance Sys., Inc. (In re Performance Interconnect Corp.)*, No. 07-3100, 2007 Bankr. LEXIS 2390, 2007 WL 2088281 at *5 (Bankr. N.D. Tex. July 19, 2007).  Should Movants prevail in their claims against Millennium, those claims will become general unsecured claims to be administered by the bankruptcy court, subject to and without waiving the Motion to Dismiss which will be filed by Movants.

35.    Courts typically consider and balance the following factors in deciding whether to abstain and/or remand:

> (1) the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding; (5) the

> jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness
> or remoteness of proceeding to main bankruptcy case; (7) the substance
> rather than the form of an asserted core proceeding; (8) the feasibility of
> severing state law claims from core bankruptcy matters to allow judgments
> to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the court's docket; (10) the likelihood that the
> commencement of the proceeding in the bankruptcy court involves forum
> shopping by one of the parties; (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of non-Millennium parties; (13) comity;
> and (14) the possibility of prejudice to other parties in the action.

*Id*; *see also Browning v. Navarro*, 743 F.2d 1069, 1077 n. 21 (5th Cir. 1984) (analyzing

the predecessor to § 1452); *Horton v. Nacogdoches Indep. Sch. Dist.*, 81 F. Supp. 2d 707,

711 (E.D. Tex. 2000).

36.    Here, applying those factors weighs heavily in favor of remand.  The most

efficient administration of the claims against the Millennium would be to allow the State

Court Litigation to proceed to conclusion, with any necessary enforcement to be handled

by the Bankruptcy Court, subject to and without waiving Movants' Motion to Dismiss.

The claims are entirely based upon state law, the state court can timely adjudicate these

claims, and the Debtor Millennium Plan asserts no other independent basis for federal

jurisdiction.  Judge Molberg has already spent considerable time presiding over numerous

pretrial matters in the *Westfall Case* and the *Young Case* and has adopted a

comprehensive pretrial schedule that is substantially complete.   Numerous equitable

grounds call for a remand of this case.  *See, e.g.*, *McCratic v. Bristol-Myers Squibb &

Co.,* 183 B.R. 113 (N.D. Tex. 1995).

## VII.    Opposition to Motion to Transfer Venue

37.     Without question, this Court should decide whether remand and abstention are proper before entertaining Millennium's Motions to Transfer Venue.  *See W.S.F.- World Sports Fans, LLC v. Quest Title Company*, 367 B.R. 786, 791 (Bankr. D.N.M. 2007) ("[w]hen a proceeding has been removed to the bankruptcy court, and the party who removed the proceeding seeks to transfer venue while the opposing party seeks abstention and remand, the Court should first consider whether to abstain and remand before addressing the request to change venue").

38.     This Court should promptly rule on this Motion to Remand or alternatively, Motion to Abstain rather than transfer this to Oklahoma as there is no basis for transferring Movants' claims to Oklahoma.  The great majority of the Movants are not from Oklahoma, and there is no justifiable reason to burden Movants with a transfer to Oklahoma or delay the trial of their cases by transferring venue to Oklahoma.  For these reasons, Movants also urge the Court to deny Millenniums Motion to Transfer Venue of their case to Oklahoma.

## VIII.    Notice Under Bankruptcy Rule 9027(e)(3)

39.     Movants specifically deny that any claim asserted by them against any Defendant is a core proceeding.

40.     Movants do not consent to entry of final order or judgment by the bankruptcy judge.

Respectfully submitted,

MALESOVAS LAW FIRM

/s/ John L. Malesovas
JOHN L. MALESOVAS
State Bar No. 12857300
816 Congress, Suite 1265
Austin, Texas 78701
Telephone:  (512) 708-1777
Telecopier:  (512) 708-1779
john@malesovas.com

ANTHONY L. VITULLO
State Bar No. 20595500
LAURA RICHARDS SHERRY
State Bar No. 24056203
FEE, SMITH, SHARP & VITULLO, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:  (972) 934-9100
Telecopier:  (972) 934-9200
lvitullo@feesmith.com
lsherry@feesmith.com

LARRY E. KELLY
State Bar No. 11226500
BEARD KULTGEN BROPHY BOSTWICK DICKSON
& SQUIRES, LLP
5400 Bosque Boulevard, Suite 301
Waco, Texas 76710
Telephone:  (254) 776-5500
Facsimile:  (254) 776-3591
E-mail:Kelly@thetexasfirm.com

- and -

Dalton D. Harris, III
State Bar No. 09056775
THE HARRIS FIRM, P.C.
5050 West Lovers Lane
Dallas, Texas 75209
Telephone:  (214) 956-7474
Facsimile:  (214) 956-7405

*Counsel for Movants*

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing the foregoing Motion, I contacted and conferred with Doug Skierski, counsel for the Millennium in this case. No agreement could be reached regarding this matter at this time.


/s/ John L. Malesovas


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing Motion was served upon the parties listed below by facsimile, regular U.S. Mail, certified mail, return receipt requested and/or electronic service on this 23rd day of June, 2010.

Mr. Peter Franklin
Mr. Doug Skierski
Mr. Erin K. Lovall
Franklin Skierski Lovall Hayward, LLP
10501 N. Central Expressway, Suite 106
Dallas, TX 75231

Mr. Colin R. Batchelor
Sedgwick Detert Moran & Arnold, LLP
1717 Main Street, Suite 5400
Dallas TX 75201

Mr. William H. Hoch, III
Ms. Regan Stickland Beatty
Crowe & Dunlevy, PC
20 North Broadway, Suite 1800
Oklahoma City, OK 73102

Ms. Julia Ann Dobbins
Shannon, Gracey, Ratliff & Miller
777 Main St., Ste. 3800
Ft. Worth, TX 76102

Mr. Joseph A. Friedman
Kane, Russell, Coleman & Logan
1601 Elm St., Ste. 3700
Dallas, TX 75201

Mr. Gregg S. Weinberg
Roberts Markel PC
2800 Post Oak Boulevard, 57th Floor
Houston, TX 77056

Mr. R. Keith Johnston
Mr. David M. Skeens
Mr. J. Michael Vaughan
Walters Bender Strohbelm & Vaughan, PC
1100 Main St., Ste. 2500
City Center Square
Kansas City, MO 64105

Ms. Jo Christine Reed
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY 10020

Ms. Katy S. Kamen
Mr. Ted Scallet
Groom Law Group
1701 Pennsylvania Ave., N.W.
Washington, DC 20006

Mr. James W. Bowen
Hunton & Williams, LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

Mr. Lawrence T. Bowman
Cozen O'Connor
1717 Main Street
2300 Comerica Tower
Dallas, TX 75201

Ms. Amy B. Boyea
Edison, McDowell & Hetherington, LLP
2000 E. Lamar Boulevard, Suite 600
Arlington, TX 76006

Mr. D. Craig Brinker
Henslee Schwartz, LLP
6688 North Central Expressway, Suite 850
Dallas, TX 75206

Ms. Karan C. Ciotti
Ogden, Gibson, Broocks, Longoria & Hall, LLP
1900 Pennzoil South Tower
711 Louisiana Street
Houston, TX 77002

Ms. Sarah B. Davis
Beirne Maynard & Parsons, L.L.P.
1700 Pacific Avenue, Suite 4400
Dallas, TX 75202

Mr. Jason K. Fagelman
Fulbright & Jaworski
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

Mr. Juston R. Givens
Phillips Murrah, P.C.
101 N. Robinson Avenue, 13th Floor
Oklahoma City, OK 73102

Mr. Timothy Headley
Cozen O'Connor
1717 Main Street
2300 Comerica Tower
Dallas, TX 75201

Mr. Stephen C. Jackson
Maynard Cooper & Gale, PC
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

Mr. Dale Ossip Johnson
The Johnson Firm
P. O. Box 427
Cedar Park, TX 78630

Mr. Gary S. Kessler
Kessler & Collins
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Mr. Fred A. Leibrock
Phillips Murrah, P.C.
Corporate Tower, 13th Floor
101 N. Robinson
Oklahoma City, OK 73102

Mr. Glenn LeMay
Gordon & Rees LLP
1900 West Loop South, Suite 1000
Houston, TX 77027

Ms. Allison J. Maynard
Wilson Elser Moskowitz Edelman & Dicker, LLP
901 Main Street, Suite 4800
Dallas, TX 75202

Mr. David T. McDowell
Edison, McDowell & Hetherington, LLP
3200 Southwest Freeway, Suite 2920
Houston, TX 77027

Mr. Timothy Muth
Reinhart Boerner Van Deuren SC
1000 N. Water Street, Suite 2100
Milwaukee, WI 53201

Mr. Arthur V. Pearson
Murphy Pearson Bradley & Feeney
88 Kearney Street, 10th Floor
San Francisco, CA 94108

Mr. Matthew G. Pletcher
Beirne Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056

Mr. Foster Reese
Ms. Julie A. Shehane
Mr. Kirk D. Willis
Helms & Greene, LLC
1700 Pacific Avenue, Suite 1000
Dallas, TX 75201

Mr. Bryon L. Romine
Kessler & Collins
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Mr. Martin S. Schexnayder
Wilson Elser Moskowitz Edelman & Dicker, LLP
5847 San Felipe, Suite 2300
Houston, TX 77057

Mr. Joe Sibley
Camara & Sibley, LLP
2339 University Blvd.
Houston, TX 77005

Mr. Nelson Skyler
Brown Sims, PC
1177 West Loop South, Tenth Floor
Houston, TX 77027

Mr. L. Boyd Smith
Sedgwick, Detert, Moran & Arnold LLP
1111 Bagby Street, Suite 2300
Houston, TX 77002

Mr. J. Michael Weston
Bennett Weston Lajone & Turner PC
1750 Valley View Lane, Suite 120
Dallas, TX 75234


                                        /s/ John L. Malesovas